IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CAROLYN TANAKA**, individually and
as next friend of **KENICHI TANAKA**,
a minor

       Plaintiffs,

       vs.                                                                                     No. CIV 04-645 MCA/WDS

**UNIVERSITY OF NEW MEXICO**
**HOSPITAL**,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiffs' failure to file a timely response to Defendant's *Motion to Dismiss Case for Discovery Violations or in the Alternative to Vacate Trial Setting* [Doc. No. 30] filed on May 11, 2005. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds and determines that grounds exist for granting Defendant's motion and dismissing this action with prejudice.

**I.**       **BACKGROUND**

On April 23, 2004, Plaintiffs filed a civil action against Defendant in the Second Judicial District Court of the County of Bernalillo, State of New Mexico. As Plaintiffs' *Complaint* alleged violations of federal law as well as state law, Defendant removed this action to the United States District Court for the District of New Mexico on June 8, 2004.

[Doc. No. 1.] Defendant subsequently served Plaintiffs with interrogatories and requests for production on September 13, 2004. [Doc. No. 16, 17.]

On September 17, 2004, this Court granted Defendant's *Motion to Dismiss Counts 3 and 4 of the Complaint* [Doc. No. 3] after Plaintiffs failed to file a timely response. [Doc. No. 18.] Plaintiffs' counsel moved to withdraw on November 9, 2004, and this motion was granted on December 20, 2004, leaving Plaintiffs to proceed *pro se*. [Doc. No. 21, 25.] One of the reasons for withdrawal cited in the motion filed by Plaintiffs' counsel was that Plaintiff Carolyn Tanaka had not contacted her counsel since the first week of October 2004 despite the fact that counsel's legal assistant had sent her six e-mail messages since that date to make an appointment to answer Defendant's interrogatories. [Doc. No. 21.]

Plaintiffs' failure to respond to Defendant's interrogatories and requests for production continued to be an issue after the withdrawal of counsel. On February 1, 2005, Defendant filed a *Motion and Memorandum to Compel Discovery* [Doc. No. 27], which the Court granted after Plaintiffs failed to file a timely response to either the motion or the pending discovery requests. The Court's *Order* directed Plaintiffs to respond to Defendant's interrogatories and requests for production by no later than April 1, 2005. [Doc. No. 28.] Plaintiffs did not respond by that date or at any time thereafter.

Consequently, Defendant moved to dismiss the case and to vacate the trial setting based on Plaintiffs' repeated failure to respond to these discovery requests. [Doc. No. 30.] Defendant claims it is unfairly prejudiced by Plaintiffs' failure to respond because, in the absence of a timely and complete response, Defendant is without the basic information it

needs to prepare for trial, such as who the witnesses will be or what exhibits Plaintiff intends to offer. This information is not contained in the *Initial Pretrial Report* [Doc. No. 19] or elsewhere in the record.

Again, Plaintiffs have failed to file a timely response to Defendant's most recent motion. D.N.M. LR-Civ. 7.6(a) provides that a response must be served within fourteen (14) calendar days after service of the motion. Plaintiff failed to file or serve a timely response to Defendants' motion within the fourteen (14) calendar-day period prescribed by D.N.M. LR-Civ. 7.6(a), or at any time thereafter. The record does not reflect that Plaintiffs have filed or served a motion to extend the deadline for filing a response to Defendant's motion, and Defendant has not indicated its consent to any such extension.

## II.    ANALYSIS

Plaintiffs' failure to prosecute this matter or to comply with the rules and orders of this Court provides grounds for the dismissal of their remaining claims. See Fed. R. Civ. P. 16(f), 37(b)(2)(C), 41(b); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002); Jones v. Thompson, 996 F.2d 261, 264-66 (10th Cir. 1993); Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). In Ehrenhaus, 965 F.2d at 918, the Tenth Circuit affirmed the dismissal of a civil action with prejudice for violation of a discovery order similar to the one at issue here. The facts of this case also resemble Gripe, 312 F.3d at 1188, in that Plaintiffs have repeatedly failed to comply with deadlines imposed by the Court's local rules and orders.

I find that Plaintiffs' repeated failure to respond by the deadlines imposed by the Court has caused a significant degree of actual prejudice to Defendant, because Defendant is deprived of basic information needed to prepare for the pretrial conference scheduled for June 7, 2005, as well as the trial scheduled for July 19, 2005, [Doc. No. 19, 29] and has been forced to incur additional attorney fees in seeking to compel Plaintiffs to respond and provide this information in a timely manner.  I also find that Plaintiffs' repeated failure to respond in a timely manner has "hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." Jones, 996 F.2d at 265.  In particular, such failures have thwarted the Court's effort to move this case to trial in a timely manner accordance with the requirements of the Civil Justice Reform Act.

Plaintiffs have provided no reason why they are unable or unwilling to respond to Defendant's discovery requests or motions in a timely manner, nor have they provided any justification for continuing the pretrial conference and trial dates in order to accommodate their needs.  Although this Court has not expressly warned Plaintiff that the consequence of their failure to respond to the current motion would be the dismissal of this action with prejudice, this consequence should be obvious from the title of the motion itself as well as the fact that the Court previously dismissed Counts 3 and 4 of their *Complaint* after Plaintiffs failed to file a timely response presenting any authority or evidence in support of these counts.  Such warnings are not necessary to support a finding that Plaintiffs' failure to respond and violation of the Court's discovery order is willful in this instance, because Plaintiffs' willfulness can be reasonably inferred from the repeated nature of their non-

responsive behavior, which dates from the time their counsel first moved to withdraw in October 2004.

To allow the present action to proceed with a lesser sanction despite Plaintiff's repeated failures to comply with court-imposed deadlines would not be effective. It also would unduly prejudice Defendants and unduly hinder the Court's ability to manage its docket. Plaintiffs have presented absolutely no reason to justify continuing the pretrial conference and trial dates in order to accommodate their needs, and a dismissal without prejudice does not appear to be an option at this time due to the statute of limitations. For all of the above reasons, I conclude that the appropriate sanction for Plaintiffs' repeated failure to comply with Court-imposed deadlines is to dismiss this action with prejudice.

### III.   CONCLUSION

After carefully considering the relevant law and applying each of the Ehrenhaus factors to the facts of this case, I conclude that this action must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that Defendant's *Motion to Dismiss Case for Discovery Violations or in the Alternative to Vacate Trial Setting* [Doc. No. 30] is **GRANTED**.

**IT IS FURTHER ORDERED** that the **PRETRIAL CONFERENCE** set for Tuesday, June 7, 2005, at 9:00 a.m., and the **JURY SELECTION/TRIAL** set for Tuesday, July 19, 2005, at 9:00 a.m. are hereby **VACATED**.

**IT IS FURTHER ORDERED** that this action is dismissed with prejudice.

**SO ORDERED** this 31st day of May, 2005, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**